**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
BRUMLEY DIVISION**

**TERRY GLENN BRUMLEY**          **PLAINTIFF**

**v.**          **CIVIL ACTION NO. 1:25CV119-RP**

**COMMISSIONER OF SOCIAL SECURITY**          **DEFENDANT**

**OPINION AND JUDGMENT**

Terry Glenn Brumley seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on April 8, 2026. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

1

Commissioner at step five.[2]   First, plaintiff must prove he is not currently engaged in substantial

gainful activity.[3]   Second, plaintiff must prove the impairment is "severe" in that it

"significantly limits [his physical or mental ability to do basic work activities . . . ."[4]   At step

three the ALJ must conclude plaintiff is disabled if he proves that the impairments meet or are

medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1,

§§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four he must prove that he

is incapable of meeting the physical and mental demands of his past relevant work.[6]   At step

five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional

capacity, age, education and past work experience, that he is capable of performing other work.[7]

If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the

chance to prove that he cannot, in fact, perform that work.[8]

     The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v.*

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

has the severe impairments of osteoarthritis, gout of the right foot, degenerative disc disease of lumbar spine and overweight/obesity. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found that plaintiff has the residual functioning capacity ("RFC") to perform medium work except he "may push/pull as much as can lift/carry; occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; frequently stoop; occasional kneel, crouch, and crawl; and never be exposed to hazards such as unprotected heights and moving mechanical parts." At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of a cook helper and a linen room attendant. As such, the ALJ concluded that the plaintiff is not disabled.

### Discussion

The plaintiff argues primarily that the ALJ failed to properly evaluate the medical opinions in the record, specifically the administrative medical findings of the state agency physicians, whose findings the ALJ found persuasive. According to the plaintiff, the ALJ failed to consider that the state agency physicians assessed a light RFC which, if assessed by the ALJ, would have resulted in a finding of disabled under the grid rules due to the plaintiff having reached the advanced age category by the time of the ALJ's decision. However, whereas the plaintiff bases her argument on the Commissioner's use of a "light work" grid rule as a framework in the vocational assessment at the initial level, the actual exertional limitations assessed by state agency physician Dr. Jeffcoat in the medical portion of the initial disability

4

determination correspond exactly with the exertional requirements of medium work. *See* 20 C.F.R. § 404.1567(b). At the reconsideration level, state agency physician Dr. Gibson acknowledged Dr. Jeffcoat's assessment of a medium RFC with postural limitations, and Dr. Gibson found that rating was still appropriate. The plaintiff's contention that the state agency physicians assessed a light RFC is incorrect.

The plaintiff also complains that in articulating how persuasive he found the state agency physician's medical findings, the ALJ disagreed with the state agency physicians' assessment of an occasional stooping limitation and – without explanation -- found the plaintiff can perform frequent stooping, in purported violation of 20 C.F.R. § 404.1520c(b), which requires the ALJ to explain the supportability and consistency factors when articulating how persuasive he finds the medical opinions and administrative medical findings in the record. However, to the extent that the ALJ's failure to explain why he disagreed with the state agency physicians' assessment of the plaintiff's stooping capability constitutes procedural error, it is harmless. Even if the ALJ had adopted the occasional stooping limitation assessed by the state agency physicians, the specified jobs that the ALJ found the plaintiff capable of performing require only occasional stooping and would therefore still be available.

The plaintiff also argues that the ALJ erroneously found the state agency physicians' medical findings persuasive when those physicians did not have the benefit of a subsequent x-ray of the plaintiff's lumbar spine showing severe disc space narrowing at the L3-4 level. However, as this court has previously stated, "it is not at all uncommon for the Commissioner to receive important medical evidence after the state agency physicians have made their findings, and this does not mean that the administrative medical findings must necessarily be found unpersuasive

as the plaintiff seems to suggest." *Madkins v. Commissioner of Social Security*, No. 3:24-CV-06-RP, 2024 WL 3558728, at *3 (N.D. Miss. July 25, 2024), *affirmed*, 150 F.4th 657 (5th Cir. 2025). "A state agency consultant's lack of opportunity to review all treatment records does not prevent an ALJ from relying on the consultant's assessment if the ALJ conducts an independent review of all the evidence, including the records the consultant did not consider." *Id.* (citing *Carter v. Astrue,* 886 F.Supp.2d 1093, 1111-12 (N.D. Iowa 2012); *Boothe v. Colvin,* No. 3:12-CV-5127-D, 2013 WL 3809689, at *4 (N.D. Tex. July 23, 2013)). The ALJ in this case independently reviewed and discussed the subject x-ray results, and in fact the ALJ cited "radiographic evidence" as a reason for finding the plaintiff more limited in the ability to perform several postural functions than the state agency physicians did. There is no error here.

Citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000) for the proposition that the ALJ must consider all the record evidence and may not "pick and choose" only the evidence supporting his position, the plaintiff also argues that the ALJ failed to properly consider all of the medical evidence, specifically certain treatment notes cited in the plaintiff's brief. However, the ALJ considered all of the subject treatment notes and discussed them in detail in his decision. The plaintiff's argument essentially amounts to a request that the court reweigh the evidence in her favor, which the court may not do. There is no error here.

Finally, the plaintiff argues that the ALJ erroneously failed to fully develop the record by not ordering a consultative examination to determine the plaintiff's functional limitations, particularly in light of the March 13, 2024 x-ray showing severe disc space narrowing at the L3-4 level. However, "[t]he ALJ's duty to undertake a full inquiry … 'does not require a consultative examination at government expense unless the record establishes that such an examination is

6

*necessary* to enable the administrative law judge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802.

In the present case, the ALJ had before him treatment notes documenting numerous diagnostic tests and physical examinations of the plaintiff during the relevant time period. As to the March 13, 2024 x-ray, which the plaintiff suggests indicates a worsening of his degenerative disc disease of the lumbar spine that necessitates a CE to determine his associated functional limitations, the radiologist's report states that the observed severe disc space narrowing at L3-4 is "unchanged" in comparison to an x-ray taken on August 2, 2021 – before the alleged onset date. The March 13, 2024 x-ray therefore does not show a worsening of the plaintiff's condition, and a CE was not necessary to enable the ALJ to assess the plaintiff's functional limitations. The ALJ did not abuse his discretion by not ordering a CE.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 9th day of April, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE